**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROBERT EUGENE GREENE                                                              PLAINTIFF

v.                                        NO. 5:12CV00426 JLH

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration[1]                                             DEFENDANT

<u>**OPINION AND ORDER**</u>

Robert Eugene Greene has appealed the final decision of the Commissioner of the Social Security Administration denying his claims for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court reviews to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing whether the Commissioner's decision is supported by substantial evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. The Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. She is therefore substituted for Michael J. Astrue pursuant to Fed. R. Civ. P. 25(d).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Greene alleged that he was limited in his ability to work by sleep apnea and a torn ligament. Tr. 189.  Greene's applications were denied initially and upon reconsideration.  Tr. 52-58, 63-68. He then requested a hearing by an Administrative Law Judge.  Tr. 69-70.  After conducting an administrative hearing at which Greene and a vocational expert testified, the ALJ concluded that Greene had not been under a disability within the meaning of the Social Security Act at any time from January 31, 2008, his alleged onset date, through July 6, 2011, the date of his decision.  Tr. 27.  On August 17, 2012, the Appeals Council denied Greene's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  Tr. 6-9.  Greene then filed his complaint initiating this appeal.  Document #2.

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Greene was 44 years old at the time of the hearing.  Tr. 34.  He went to the twelfth grade in regular classes and obtained his General Equivalency Diploma.  Tr. 35, 193.  He has past relevant work as a construction worker, yard worker, warehouse worker and forklift operator.  Tr. 36, 41, 191.

2

The ALJ considered Greene's impairments by way of the required five-step sequential evaluation process. The first step is to determine whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2010). If the claimant is engaged in substantial gainful activity, benefits are denied, regardless of the claimant's medical condition, age, education or work experience. *Id.* § 404.1520(b), 416.920(b). Step 2 is to determine whether the claimant has an impairment or combination of impairments that is "severe" and meets the duration requirement. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). Step 3 is to determine whether the severe impairment meets or equals a listed impairment. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.* If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). This residual functional capacity assessment is used at Steps 4 and 5. *Id.* Step 4 is to determine whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, benefits are denied. *Id.* Step 5 is to determine whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found Greene had not engaged in substantial gainful activity since his alleged onset date.[2] Tr. 19. He found that Greene had "severe" impairments, knee problems and obesity. *Id.* He

---

[2] The ALJ noted that Greene had received unemployment benefits in 2008 and had earned $6,707 in 2009. Tr. 19. He treated the latter as an unsuccessful work attempt. *Id.* Greene testified that he was working at the time of the hearing; his attorney asked that the case be considered for a

found that Greene did not have an impairment or combination of impairments that met or equaled a Listing. Tr. 22. He judged that Greene's allegations regarding his limitations were not totally credible. Tr. 25. The ALJ found that Greene retained the residual functional capacity for less than a full range of light work. Tr. 22, 26. He determined Greene was unable to perform any of his past relevant work. Tr. 26. Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Greene could perform, notwithstanding his limitations, for example, production worker, assembler and inspector. Tr. 26-27. Thus, the ALJ concluded that Greene was not disabled. Tr. 27.

Greene argues that the ALJ erred at Step 2 of the sequential evaluation process when he did not find his sleep apnea to be a "severe" impairment. Plaintiff's brief at 10-12. Greene places undue emphasis on the distinction between impairments that are "severe" and those that are not. Once a claimant gets past the Step 2 threshold of having a "severe" impairment, the ALJ considers all impairments, including those that are less than "severe," in determining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1545(e); 416.945(e) (2010); Social Security Ruling 96-8p, at 5. The ALJ cited and utilized the correct standard for determining Greene's residual functional capacity. Tr. 18-19.

Next, Greene argues the ALJ's residual functional capacity finding is not supported by substantial evidence. Plaintiff's brief at 12-13. He bases this argument on the ALJ's failure to contact a treating physician again for an opinion of Greene's function-by-function limitations. Plaintiff's brief at 12-14. It is doubtful that the doctor in question, Imran Waheed, M.D., qualifies as a treating physician. It appears that he saw Greene on only two or three occasions, first in a treating

closed period of disability. Tr. 35.

relationship at Jefferson Regional Medical Center and later as a consultative examiner.  Tr. 245-49, 285-89.  *See Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (doctor had only met with patient on three occasions when she filled out checklist).  "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."  20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(i) (2010).  Dr. Waheed performed a general physical examination in February 2009.  Tr. 285-89.  The examination revealed no muscle weakness, no atrophy and no sensory abnormalities.  Tr. 288.  He noted only severe pain in both knees, but no other functional restrictions.  Tr. 289.

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  *See e.g.*, *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  Greene bears the burden of showing both a failure to develop the record and unfairness or prejudice resulting from that failure. *Haley*, 258 F.3d at 750; *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995); *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).  In this case, the record was sufficient and Greene did not meet his burden of showing otherwise.

Next, Greene challenges the ALJ's credibility determination.  Plaintiff's brief at 15-19.  The ALJ considered Greene's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).[3]  Tr. 22-23.  There is little objective support in the record for Greene's claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Greene's subjective complaints gave reason to discount those complaints.

---

[3] The ALJ also cited Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529 and 416.929. Tr. 22.  That Ruling tracks *Polaski* and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

*Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007); *Richmond v. Shalala*, 23 F.3d 1441, 1443 (8th Cir. 1994).

Given the inconsistencies in Greene's statements, the lack of medical evidence in support of Greene's allegations, the lack of medications taken, the lack of more treatment, Greene's daily activities, his poor work record, his functional capabilities and the lack of restriction placed on Greene by his physicians, the ALJ could rightly discount Greene's subjective complaints. *See, e.g., McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (same); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (same); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole). The ALJ's credibility analysis was proper. He followed the law and regulations, made express credibility findings and gave valid reasons for discrediting Greene's subjective complaints. *See e.g., Finch v. Astrue*, 547 F.3d 933, 935-36 (8th Cir. 2008); *Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds*, 82 F.3d at 258. His explicit credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Finally, Greene argues the Step 5 decision was undermined by the ALJ's findings regarding Greene's residual functional capacity and credibility. Those issues have already been discussed and merit no further attention.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Van Vickle v. Astrue*, 539 F.3d 825, 828 (8th Cir. 2008); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

## CONCLUSION

The final determination of the Commissioner is affirmed. Robert Eugene Greene's complaint is dismissed with prejudice.

IT IS SO ORDERED this 21st day of February, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE